TOWER ASPHALT, INC., Tower Asphalt, Inc. D.B. Pension Plan, and Robert Springer and Ron Hockin, as trustees of the Tower Asphalt, Inc. D.B. Pension Plan, Plaintiffs,

v.

Eugene GORDON, Cole–Taylor Bank, Employers Affiliated Trust of Illinois, Beaven/Inter–American Companies, Inc., A.A. Beaven & Company, Ltd. and Inter–American Life Insurance Company, Defendants.

Civ. No. 3–92–674.

United States District Court,
D. Minnesota,
Third Division.

July 9, 1993.

Michael A. Hatch, Hatch Eiden & Pihlstrom, Kristine L. Eiden, Minneapolis, MN, for Tower Asphalt, Inc.

David B. Bayless, Mark L. Yeager, Nancy G. Ross, McDermott Will & Emery, Chicago, IL, David Powell Pearson, Thomas H. Boyd, Robert Shea Soskin, Suzanne M. Spellacy,

Winthrop & Weinstine, St. Paul, MN, Richard C. Jones, Jr., Arlington Hts., IL, Morton Denlow, Dardick & Denlow, Chicago, IL, for Cole–Taylor Bank.

Clarance Edward Hagglund, Britton D. Weimer, James Rodrick Harries, Hagglund & Weimer, Minneapolis, MN, for Beaven/Inter–American Companies, Inc. A.A. Beaven & Co., Ltd.

MAGNUSON, District Judge.

## INTRODUCTION

This matter is before the court on defendant Cole Taylor Bank's motion to dismiss. For the following reasons defendant's motion is granted in part and denied in part.

## BACKGROUND

Tower Asphalt is a Minnesota corporation involved in the construction business. Tower Asphalt established a defined benefit plan, Tower Asphalt D.B. Pension Plan for its employees. This plan invested in a group annuity contract issued by Inter–American Life Insurance Company through participation in Employers' Affiliated Trust of Illinois. Employer Affiliated Trust is an affiliate of Inter–American Life Insurance. The Employers' Trust permitted employee benefit plans to procure insurance policies and annuities. These annuities would generate benefits that would be distributed to the benefit plan participants in the Employers' Trust. Cole Taylor was the trustee. At issue is placement by Tower Asphalt Plan of $158,000 in annuities of the Inter–American Life Insurance Company. Some time later Inter–American was placed into liquidation by the Illinois Department of Insurance. Plaintiffs now seek to recover plan assets invested in Inter–American annuities from all defendants.

Plaintiff alleges in Counts I, II, III and V various state law claims including breach of contract, fraud, breach of common law fiduciary duty and duty of accounting against Cole Taylor. Count IV alleges Cole Taylor violated Minn.Stat. § 60A.17(12) for sale of an insurance policy by an insurance company not registered in the state. Count VI alleges a breach of fiduciary duty pursuant to ERISA.

## DISCUSSION

■ Defendant seeks dismissal of Counts I–V, arguing that ERISA preempts all state law claims. The federal Employee Retirement Income Security Act (ERISA) contains broad preemption provisions, designed to ensure that the administration of employee benefit plans are subject to a single uniform set of regulations. *Fort Halifax Packing Co., Inc. v. Coyne*, 482 U.S. 1, 7–12, 107 S.Ct. 2211, 2215–17, 96 L.Ed.2d 1 (1987). ERISA's preemption provision provides:

> The provisions of this subchapter ... shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in Section 1003(a) of this title and not exempt under Section 1003(b) of this title.

29 U.S.C. § 1144(a).

■ ERISA preempts all state laws that "relate to" an employee benefit plan. 29 U.S.C. § 1144(a) (1988). A law relates to an employee benefit plan "in the normal sense of the phrase, if it has a connection with or a reference to such a plan." *Shaw v. Delta Air Lines*, 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2899–2900, 77 L.Ed.2d 490 (1983). Plaintiff's state law claims, Counts I, II, III, and V against Cole Taylor "relate to" the Tower Asphalt Plan and the investment of Plan assets in the Employers' Trust. It is dispositive and incontestable that plaintiff's claims are premised on the existence of an employee benefit plan governed by ERISA. Accordingly, ERISA preempts all such claims.

Plaintiff argues that *Associates in Adolescent Psychiatry v. Home Life Ins. Co.*, 941 F.2d 561 (7th Cir.1991) supports its position against preemption. However, contrary to plaintiff's assertions, neither the district court nor the Court of Appeals in *Home Life* even addressed whether ERISA preempted the employer's claims against the trust. Rather, the claims were brought under ERISA initially. *Id.*

■ While the court has found that ERISA preempts most of plaintiff's state law claims, Count IV is somewhat different with respect to ERISA. Count IV alleges that defendants violated Minn.Stat. § 60A.17,

subd. 12, which imposes liability on any person who participates in the sale of insurance on behalf of an insurance company unlicensed in Minnesota. In particular, Minn. Stat. § 60A.17, subd. 12 states:

Any person, regardless of whether that person is required to be licensed as an agent, who participates in any manner in the sale of any insurance policy or certificate or any other contract providing benefits, for or on behalf of any company which is required to be, but which is not authorized to engage in the business of insurance in this state ... shall be personally liable for all premiums, whether earned or unearned, paid by the insured, and the premiums may be recovered by the insured.

State laws regulating insurance are exempted from federal preemption by a "savings clause." The "savings" clause provides: ·

[With one exception not relevant here,] nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking or securities.

29 U.S.C. § 1144(b)(2)(A).

■ A court should consider two tests in determining whether a state law falls within the ERISA savings clause, a "common sense" test and the McCarran–Ferguson Act "business of insurance" test. *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 48, 107 S.Ct. 1549, 1553, 95 L.Ed.2d 39 (1987). First, the court should determine whether the state law at issue "regulates insurance," under a "common sense" understanding of the meaning of the savings clause phrase. *Id.* A common sense view dictates the conclusion that to "regulate" insurance, a state "law must not just have an impact on the insurance industry, but must be specifically directed toward that industry." *Id.,* 481 U.S. at 50, 107 S.Ct. at 1554. The state statute at issue here is directed toward the insurance industry. In particular, liability attaches "to those selling insurance" in Minnesota under certain circumstances. However, it is not exclusive to the insurance industry.

Courts should also consider the three factor McCarran–Ferguson Act "business of insurance" test to determine whether a law "regulates insurance" within the meaning of the ERISA savings clause. *Pilot Life,* 481 U.S. at 48, 107 S.Ct. at 1553. The McCarran–Ferguson Act test examines three factors:

[F]irst, whether the practice has the effect of transferring or spreading a policyholder's risk; second, whether the practice is an integral part of the policy relationship between the insurer and the insured; and third, whether the practice is limited to entities within the insurance industry.

*Pilot Life,* 481 U.S. at 48–49, 107 S.Ct. at 1553.

With respect to the first criteria, the law has the effect on transferring a policyholder's risk in that it addresses the sale of insurance. Second, the sale of insurance is an integral part of the policy relationship in that without a sale there would be no policy relationship. However, the third factor is most determinative. Although Minn.Stat. § 60A.17, subd. 12 focuses on the sale of insurance, the practice is not limited to entities within the insurance industry. Indeed, defendant Cole Taylor, a bank, is not in the insurance industry. Accordingly, the court finds that Minn.Stat. § 60A.17, subd. 12 does not fall under the "business of insurance" and therefore plaintiff's claim, Count IV, is barred by ERISA.

Defendant also seeks to dismiss Count VI where plaintiff alleges that Cole Taylor breached the fiduciary duty under ERISA. Based on the foregoing, the court finds that plaintiff has sufficiently pled an ERISA claim against Cole Taylor and therefore dismissal of this claim is inappropriate.

Accordingly, **IT IS HEREBY ORDERED** that defendant Cole Taylor's motion to dismiss is GRANTED in part and DENIED in part. Plaintiff's state law claims, Counts I through V of plaintiff's amended complaint, are dismissed as they are preempted by ERISA. Count VI remains viable.